IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRY W. BENTLEY,

    Plaintiff,

vs.                                       Case No. 4:06cv226-RH/WCS

LINDA S. McMAHON,[1]
Commissioner of Social Security,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks an attorney's fee pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 25. Plaintiff seeks a fee of $5,488.13, which includes a fee based upon 25.65 hours of work at $162.50 per hour, and expenses (law clerk work) at $60 per hour for 22 hours. *Id.* The parties have finally conferred and have agreed to an EAJA fee of $4,000.00. Doc. 32. The settlement is reasonable.

---

[1] Linda S. McMahon became Acting Commissioner of Social Security on January 22, 2007, and is automatically substituted as Defendant in place of Jo Anne B. Barnhart. FED. R. CIV. P. 25(d).

Also pending is Plaintiff's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b). Doc. 26. Plaintiff asks that this motion be stayed until the proceedings on remand are fully adjudicated. Rather than staying this motion and leaving it pending for months, it is recommended that the motion be denied as premature, the court direct the Clerk to administratively close this file, and the court retain jurisdiction to adjudicate a § 406(b) fee upon a renewed motion.

Therefore, it is **RECOMMENDED** that the court:

1. **GRANT** Plaintiff's motion for an EAJA fee, doc. 25, and **ORDER** that Defendant promptly pay Plaintiff $4,000.00 as a reasonable EAJA fee.

2. **DENY** Plaintiff's motion for a § 406(b) fee, doc. 26, as premature, **DIRECT** the Clerk to close this file administratively, and **RETAIN JURISDICTION** to adjudicate a § 406(b) fee upon a renewed motion.

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2007.

> s/ William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06cv248-WS/WCS